ISAAC GODINGER, Esq.
Attorney At Law
245 East 25th Street, Suite 7F
New York, NY 10010
Tel: (917) 660-1379
Fax: (212) 684-4213
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| Ahmed Hassan, | ECF Case<br>Judge Cote<br>Civil Action No.: 05 CIV. 6547 |
| Plaintiff, | |
| -against- | COMPLAINT AND DEMAND<br>FOR JURY TRIAL |
| Police Officer (Detective) Joseph Cornetta,<br>The City of New York.<br>Police Department of the City of New York,<br>Raymond Kelly, Police Commissioner of the Police Department of the City of New York, | |
| Defendants. | |

------------------------------------------------------------X

### PRELIMINARY STATEMENT

1. This is an action for damages sustained by a citizen of the United States against a police officer of the New York City Police Department, who unlawfully arrested, assaulted, prosecuted, and harassed the plaintiff.

2. The action is against the Police Commissioner as the supervisory officer responsible for the conduct of the defendants and for the Commissioner's failure to take corrective action with respect to police personnel whose vicious propensities were notorious, to assure proper training and supervision of the personnel, or to implement meaningful procedures to discourage lawless official conduct, and against the City of New York as the employer of the police personnel which is sued as a person under 42 U.S.C. § 1983.

3. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

## JURISDICTION

4. This Court has subject matter jurisdiction of the action under 28 U.S.C. §§ 1331, 1343(a)(3), (4).

5. This Court may also exercise supplemental jurisdiction over the plaintiff's state law claims that arise from the same facts and circumstances under 28 U.S.C. § 1367.

## TRIAL BY JURY

6. The Plaintiff is entitled to and hereby requests a trial by jury. U.S. Const. Amend. 7, Fed. R. Civ. Proc. 38.

## PARTIES

7. Plaintiff is a resident of New York City and, at all times relevant to the allegations of this complaint, was a citizen of the United States and a resident of City of New York.

8. At all times relevant to this action, defendant Police Officer (Detective) Joseph Cornetta, was a police officer employed by the Police Department to perform duties in the City of New York.

   a. At all relevant times, this defendant was acting as the agent, servant, and employee of defendant City of New York;

   b. This defendant is sued individually and in his official capacity.

9. At all times relevant to this action, defendant Raymond Kelly was the duly appointed Commissioner of the City of New York Police Department. In this capacity, the Commissioner was:

   a. The commanding officer of and was responsible for their training, supervision, and conduct;

   b. Responsible by law for enforcing the regulations of the City of New York Police Department and for ensuring that City of New York police personnel obey the laws of the State of New York and of the United States;

   c. Acting as the agent, servant, and employee of the defendant City of New York.

10. This defendant is sued individually and in his official capacity.

11. The defendant City of New York is a municipal corporation within the State of New York and, at all relevant times, it employed the other defendants in this action.

12. On April 22, 2004, at approximately 3:00 P.M., plaintiff was operating an automobile, a yellow taxicab with License Plate 1P95, in the County of Manhattan in the City of New York.

13. Plaintiff drove this vehicle on East 60th Street from Madison Avenue towards Fifth Avenue, in the County of Manhattan in the City of New York.

14. When the plaintiff stopped at a red light, defendant Cornetta, driving an unmarked vehicle with License Plate BRX2350 came from behind Plaintiff's vehicle, pull in front of it, thereby preventing him form proceeding onto Fifth Avenue.

15. The door of Defendant Cornetta's vehicle was then flung open by the Defendant Cornetta, and the Defendant Cornetta stepped our, threw his sunglasses into the street, came over to Plaintiff's vehicle, and pulled open the front driver side door of the plaintiff's vehicle.

16. Defendant Cornetta proceeded to yell and scream at the Plaintiff, right up close to his face, ordering him several times to get outside of his vehicle.

17. Defendant Cornetta then opened the passenger door of the Plaintiff's vehicle and ordered the Plaintiff's passenger to get out and to leave the vicinity.

18. Defendant Cornetta then pulled the Plaintiff out of the cab, at which point he was handcuffed by Defendant Cornetta.

19. At no time up to this point had Defendant Cornetta identified himself in any way, and did not state that he was a Police officer.

20. The plaintiff was calm and polite at all times, and did not resist arrest.

21. The plaintiff was transported to the 19th Precinct for his arrest, Arrest Number M04635335P.

22. The actions described above were committed by Defendant Cornetta in full view of the people in the street.

23. On April 22. 2004, after the arrest of the plaintiff, Defendant Cornetta maliciously and without reasonable or probable cause, arranged for plaintiff to be charged in two misdemeanors, with Resisting Arrest and Reckless Endangerment-2nd Degree, as well as with a Violation, Harassment-2nd Degree.

24. On May 17, 2004, at plaintiff's first appearance on these charges, these charges were terminated in favor of plaintiff by dismissal as a "not-ready case" at New York County Criminal Court.

25. As a result of the misconduct described above, plaintiff experienced humiliation, emotional distress, pain and suffering, lost income due to the temporary loss of employment for approximately 26 days, incurred expenses, including legal fees, in connection with the defense on the charges that were lodged against him, and was otherwise damaged.

26. The plaintiff was also physically injured as a result of the conduct described in this complaint.

27. The abuse to which plaintiff was subjected was consistent with an institutionalized practice of the City of New York Police Department, which was known to and ratified by defendants Commissioner and City of New York.

28. Despite knowledge of these institutionalized practices, the defendants Commissioner and City of New York have at no time taken any effective action to prevent City of New York police personnel from continuing to engage in this type of misconduct.

29. Defendants Commissioner and City of New York had prior notice of the vicious propensities of Defendant Cornetta but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority.

30. The failure of defendants Commissioner and City of New York to properly train Defendant Cornetta included the failure to instruct them in applicable provisions of the State Penal Law of the State of   and the proper and prudent use of force.

31. Defendants Commissioner and City of New York authorized, tolerated as institutionalized practices, and ratified the misconduct detailed above by:

    a. Failing to properly discipline, restrict, and control employees, including, known to be irresponsible in their dealings with citizens of the community;

    b. Failing to take adequate precautions in the hiring, promotion, and retention of police personnel, including specifically Defendant Cornetta;

    c. Failing to forward to the office of the District Attorney of City of New York evidence of criminal acts committed by police personnel;

    d. Failing to establish or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of police misconduct, but instead responding to these types of complaints with bureaucratic power and

    official denials calculated to mislead the public.

32. The conduct of defendants Commissioner and City of New York also constitutes gross negligence under state law.

33. As a consequence of the abuse of authority detailed above, plaintiff sustained the damages alleged above.

## FEDERAL THEORIES OF RECOVERY

34. The actions and omissions described above, engaged in under color of state authority by the defendants (including defendant City of New York, sued as a person and responsible because of its authorization, ratification and condoning of the acts of its agents), deprived the plaintiff of rights secured to him by the Constitution of the United States, including, but not limited to, the plaintiff's:

    a. First Amendment right to freedom of expression;

    b. Fourth Amendment right to be free from unlawful seizure of his person;

    c. Fifth and Fourteenth Amendment rights to due process of law, including the right to be free from unjustified and excessive force utilized by police; and
    d. Eighth Amendment right to be free from cruel and unusual punishment.

## STATE LAW THEORIES OF RECOVERY

35. On July 21, 2004, the plaintiff caused a written verified Notice of Claim to be filed with and served on the proper officers, agents, and employees of the defendant City of New York pursuant to the claims statutes governing these cases. A true and correct copy of the Notice is attached to this complaint and incorporated by reference in it as Exhibit "A."

36. Plaintiff's claim has been denied by operation of law because more than 30 days have elapsed since the service of the Notice of Claim, and adjustment or payment Claim has been neglected or refused.

37. The acts and conduct alleged above constitute actionable torts under the laws of the State of New York including the tort of:

    a. False arrest and imprisonment,
    b. Assault and battery,
    c. Malicious prosecution,
    d. Abuse of process,

    e.   Negligence, and

    f.   Gross negligence.

## **PRAYER**

38.   Plaintiff demands the following relief:

    a.   Compensatory damages in the amount $20,000;

    b.   Punitive damages in the amount $2,000,000;

    c.   Attorney's fees pursuant to 42 U.S.C. § 1988;

    d.   An award of Plaintiff's costs of suit; and

    e.   Such other and further relief as may be appropriate under the circumstances.

Dated:  New York, NY
          July 18, 2005

                                                _____
                                                **ISAAC GODINGER**, Esq.
                                                Attorney for Plaintiff
                                                    (IG 9597)

**UNITED STATES DISTRICT CIVIL COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

**Ahmed Hassan,**
               **Plaintiff,**

                                                                           **Civil Action No.: 05 CIV.**

        **-against-**

**Police Officer (Detective) Joseph Cornetta,**
**The City of New York.**
**Police Department of the City of New York,**
**Raymond Kelly, Police Commissioner of the Police Department of the City of New York**,

               **Defendants.**

-----------------------------------------------------------X

**COMPLAINT AND DEMAND FOR JURY TRIAL**

                                              **ISAAC GODINGER, Esq.**,
                                              Attorney for Plaintiff
                                              245 East 25th Street, Suite 7F
                                              New York, NY 10010
                                              Tel: (917) 660-1379
                                              Fax: (212) 684-4213